[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10474
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61959-CV-KAM

0:05cv61959

WINNIEFRED D. RAMSAY,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,
JANNEY SPEARS,
JOSEPH MULLER,
PHILIP AMABILE,
GEORGE ATKINSON,
et al.,

Defendants-Appellees.

_____

0:07cv60810

WINNIEFRED RAMSEY,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,
DANNY WRIGHT,
JOHN AUER,
RICKEY CLARKE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(December 17, 2008)


Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Winniefred Ramsay, an African-American woman, appeals the district court's grant of summary judgment in favor of the defendant, Broward County Sheriff's Office ("BSO"),[1] in her employment discrimination action, brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a)(1) & (d).

_____

[1] The proper defendant is Al Lamberti, in his official capacity as Sheriff of the Broward County Sheriff's Office.

2

**Facts**

BSO hired Ramsay as a Child Protective Investigator on or about April 16, 2001. At that time, she was 53 years old. In early March of 2005, Ramsay completed a questionnaire at the Equal Employment Opportunity Commission ("EEOC") and an internal complaint with BSO, alleging age discrimination. On or about April 12, 2005, BSO transferred Ramsay to another squad. On April 21, 2005, Ramsay returned to the EEOC and filed a charge of discrimination, asserting age discrimination stemming from alleged derogatory comments made by her supervisor and retaliation stemming from her transfer.

On February 9, 2006, Ramsay applied for the position of Child Investigative Specialist Supervisor; however, on March 16, 2006, BSO's Human Resources Department informed her that she did not obtain the position. On June 9, 2006, Ramsay filed a second charge of discrimination with the EEOC, alleging age, race and national origin discrimination as well as retaliation. Shortly thereafter on June 20, 2006, BSO suspended Ramsay for three days without pay stemming from an investigation into citizen complaints. On October 25, 2006, BSO informed Ramsay of her termination, effective November 1, 2006.

On November 22, 2006, Ramsay filed an Amended Complaint[2] in the United

_____

[2]Ramsay filed her initial Complaint approximately one year earlier, on December 27, 2005, in which she alleged only age discrimination under the ADEA and retaliation under Title

3

States District Court for the Southern District of Florida against, *inter alios*, BSO, alleging discrimination and retaliation under Title VII and the ADEA. Specifically, her age discrimination claim alleged disparate treatment, age harassment/hostile work environment, and failure to promote, and her Title VII claim alleged failure to promote because of her race and national origin and retaliation. On December 20, 2006, BSO filed a motion for summary judgment, which the district court granted in part and denied in part on May 24, 2007. The district court dismissed all claims against BSO save retaliation premised on Ramsay's filing of an EEOC complaint on April 21, 2005. *See Ramsay v. Broward County Sheriff's Office, et al.*, Case No. 05-61959-CIV-Marra/Johnson, at *31-32 (S.D. Fla. May 24, 2007) ("Order and Opinion Granting in Part and Denying in Part Defendant's Motion for Summary Judgment").

On June 11, 2007, Ramsay filed a separate federal civil rights action in the United States District Court for the Southern District of Florida, alleging age discrimination under the ADEA as well as race and national origin discrimination and retaliation under Title VII. Upon a motion from BSO, the district court consolidated the two matters and enlarged the time for discovery. On October 4, 2007, BSO filed another motion for summary judgment, which the district court

---

VII. Over the next year, BSO filed a motion to dismiss, and the district court issued an order to show cause why it should not be granted, which ultimately resulted in the amended complaint.

4

granted in its entirety on January 7, 2008. *See Ramsay v. Broward County Sheriff's Office, et al.*, No. 05-61959-CIV, 2008 WL 111304, at *12 (S.D. Fla. Jan. 8, 2008). The instant appeal followed.

## Discussion

Ramsay raises three issues on appeal: (1) whether the district court erred by granting summary judgment in favor of BSO as to Ramsay's retaliation claim; (2) whether the district court erred by consolidating Ramsay's two cases; and (3) whether the district court erred by granting summary judgment in favor of BSO as to Ramsay's race and national origin discrimination claim?[3] We will address each issue in turn.

*1.    Retaliation claim*

Ramsay argues that the district court erred in finding no causal connection between her engagement in statutorily protected activity (June 9, 2006 EEOC

---

[3] On appeal, Ramsay has abandoned her retaliation claim based on her transfer as well as all her claims alleged against the individual defendants named in the action. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (providing that issues not raised on appeal by a *pro se* litigant are abandoned). As to her age discrimination claims, Ramsay failed to raise them in her initial brief. BSO responded that she has abandoned said claims but also addressed the merits. Ramsay replied to BSO's argument, declining to substantively respond but noting that "[t]his does not mean that she has conceded to the argument put forth by BSO only that this is not one of the issues in Ramsay's opening brief to this Court." This statement confirms that Ramsay has abandoned her age discrimination claims as well. *See id.*; *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 n. 1 (11th Cir. 2001) (providing that an appellant abandons a claim by not raising it in the initial brief on appeal). As such, only race and national origin discrimination and retaliation under Title VII remain.

5

complaint) and BSO's actions (three-day suspension and termination).

We review a district court's grant of summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002) (per curiam). A court shall grant summary judgment when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Rojas*, 285 F.3d at 1341-42 (citation omitted).

> Title VII prohibits retaliation in employment:
>
> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). Absent direct evidence of an intent to discriminate, a plaintiff may prove her case through circumstantial evidence, using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, a plaintiff must first establish a prima facie case of retaliation. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

6

"A prima facie case of retaliation contains three elements: first, the plaintiff engaged in statutorily protected conduct; second, the plaintiff suffered an adverse employment action; and finally, the adverse action was causally related to the protected expression." *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1291 (11th Cir. 2002) (internal quotations and citation omitted). If the plaintiff establishes a prima facie case, the defendant has an opportunity to come forward with legitimate, non-retaliatory reasons for the challenged employment action. *Pennington*, 261 F.3d at 1266. "The ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct remains on the plaintiff." *Id.*

As to pretext, a court should not "second-guess the business judgment of employers"; in other words, "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason, at least not where . . . the reason is one that might motivate a reasonable employer." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997). To establish pretext, the plaintiff must meet the employer's reason "head on and rebut it." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004).

Assuming *arguendo* that she has established a prima facie case, Ramsay's retaliation claims based on her suspension and termination fail because BSO has

7

offered legitimate, non-retaliatory reasons for its employment actions, namely the filing of citizen complaints against her (as to suspension) and the disciplinary problems and performance deficiencies outlined in the August 3, 2006 memorandum (as to termination), respectively. Save her subjective beliefs and conclusory allegations, Ramsay has neither refuted the disciplinary and performance problems relied upon by BSO nor introduced any evidence showing that BSO's reasons were pretextual. Accordingly, Ramsay has failed to carry her burden.

*2. Consolidation*

Ramsay argues that the district court erred in consolidating her 2005 and 2007 cases. In particular, she asserts that the prejudice and confusion resulting from consolidation outweighed the judicial convenience.

We review a district court's consolidation of two actions for abuse of discretion. *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1545 (11th Cir. 1989).

Federal Rule of Civil Procedure 42, entitled "Consolidation; Separate Trials," provides, in relevant part, that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). In deciding

8

whether to consolidate actions, we have instructed that district courts should consider whether doing so could lead to prejudice or confusion. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (interpreting a previous version of Rule 42).[4]

Ramsay has failed to show that the district court abused its discretion by consolidating the two actions insofar as she has introduced no evidence establishing prejudice or confusion. Moreover, the district court allowed additional discovery, which belies her prejudice argument. Accordingly, we find no error.[5]

### 3. *Race and national origin claims (failure to promote)*

Ramsay argues that the district court erred in granting summary judgment in favor of BSO as to her race and national origin discrimination claims premised on a failure to promote theory for two different positions: Child Investigative Specialist Supervisor and Officer-in-Charge. As to the former, Ramsay argues that

---

[4] Rule 42 was amended in 2007; however, the changes were "stylistic only." *See* FED. R. CIV. P. 42 advisory committee notes.

[5] In this section of her brief, Ramsay also contends that consolidation hindered her ability to obtain discovery, but she fails to articulate *how* consolidation did so. Ramsay further argues that she was entitled to statistical evidence. However again, she fails to articulate how consolidation (or any other ruling by the district court) prevented her from obtaining statistical evidence. In addition, neither of these arguments include sufficient detail or support (both factual and legal) to even raise an issue on appeal for our consideration. *See Flanigan's Enters., Inc. of Ga. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam) (finding waiver where party "fail[ed] to elaborate or provide any citation of authority in support" of argument).

Vicki Ware, the Caucasian employee who obtained the position, was not better qualified than her, and that Denise Foster-Burkette, an African-American female employee, was better qualified than Ware. As to the latter, Ramsay argues that the district court relied on fabricated documents. In particular, she contends that the documents submitted to show why Stacie Schmerling, a Caucasian female who received the promotion for the position of officer in charge, contained an erroneous date. Ramsay further contends that, at the time of the promotion, seniority, not job performance, governed the selection procedure and she had more seniority than Schmerling.

As noted above, a district court's grant of summary judgment is reviewed *de novo*. *Rojas*, 285 F.3d at 1341. Title VII prohibits, *inter alia*, an employer from discriminating against a person based on the person's race or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discriminatory failure to promote, the plaintiff may show: "(1) that he is a member of a protected class; (2) that he was qualified for and applied for the promotion; (3) that he was rejected; and (4) that other equally or less qualified employees who were not members of the protected class were promoted." *Combs*, 106 F.3d at 1539 n.11.

Ramsay's claims of race and national origin discrimination fail. With respect to the child investigative supervisor position, she failed to introduce

evidence showing BSO selected an equally or less qualified person. Therefore, she failed to establish a prima facie case of discriminatory failure to promote based on race or national origin. With respect to the officer-in-charge position, Ramsay did not introduce any evidence regarding the qualifications of the position or how her experience made her qualified. Ramsay, moreover, never argued to the district court that a single typographical error as to a date demonstrated fabrication, and hence, we will not consider this argument for the first time on appeal. *See Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) (per curiam) ("Arguments raised for the first time on appeal are not properly before this Court."). Ramsay points to no other evidence in support of her argument that the documents were fabricated.

## Conclusion

After review of the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**